**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MARK WAINWRIGHT,

                Plaintiff,

vs.                                                  Case No. 3:06-cv-134-J-32MMH

DISTRICT DIRECTOR, 6th COMPENSATION
DISTRICT, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,

                Defendant.

_____

## <u>ORDER</u>[1]

      This case is before the Court on defendant's Motion to Dismiss (Doc. 9) and supporting documentation (Ex. A-H).  Plaintiff filed a response in opposition (Doc. 20) and the Court held a hearing on the motion (Doc. 23), the record of which is incorporated by reference.  Plaintiff was permitted to file a supplemental brief after the hearing (Doc. 25).  Having therefore now been fully advised in the matter, the Court is prepared to issue its decision.

      In very short summary, plaintiff, a former longshoreman, sustained an on-the-job injury in 1980 for which he has been receiving compensation pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-50.  After a number of years, the terms of plaintiff's compensation changed following an administrative appeal, resulting in a

---

[1]Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically.  However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

determination that the employer had greatly overpaid and was entitled to recoup the overage (approximating $18,000.00).  For a period of time, payments stopped altogether, but then, following further administrative appeals, compensation payments resumed (and continue still) at a stipulated reduced rate.  Plaintiff has made four separate applications to the District Director seeking an order of default against the employer.  Each application has been denied.  Through this suit, plaintiff seeks an order of enforcement to compel the District Director to declare the employer to have been in default for the period of non-payment.  At oral argument, plaintiff asserted that he alternatively seeks a writ of mandamus to accomplish the same relief.

Defendant argues the Court lacks subject matter jurisdiction because plaintiff has failed to fulfill the steps required to secure judicial enforcement of a default order pursuant to 33 U.S.C. § 918(a), and because, to the extent plaintiff seeks substantive judicial review of any final administrative determination, such an action is available only before the Court of Appeals pursuant to 33 U.S.C. § 921(c).[2]  Pursuant to Fed.R.Civ.P.12(b)(1), the Court must dismiss a case where subject matter jurisdiction is lacking.  An action for judicial enforcement of an order of default will lie only when the following four steps are satisfied: (1) the employer must default in the payment of compensation due under an award for a

_____

[2]Defendant alternatively argues that, pursuant to Fed.R.Civ.P. Rule 12(b)(6), plaintiff has failed to state a claim because, even if this Court had jurisdiction, plaintiff cannot show that the employer, who the District Director found was entitled to recoup the overpayments (a determination plaintiff does not contest), ever was in default.  Likewise, defendant further contends that a writ of mandamus cannot issue because (in addition to plaintiff having failed to plead a jurisdictional basis to secure mandamus) the District Director cannot be compelled to issue an Order plaintiff is not entitled to receive.  These grounds provide alternative bases upon which to grant this motion.

period of at least 30 days; (2) the claimant must make application to the District Director for an order of default; (3) the District Director must investigate, find the employer in default and issue an order declaring the amount of the default; and (4) the applicant must file a certified copy of the default order with the district court. 33 U.S.C. § 918(a). See generally, Pleasant-El v. Oil Recovery Co., Inc., 148 F.3d 1300, 1301-02 (11th Cir. 1998); Henry v. Gentry Plumbing & Heating Co., 704 F.2d 863, 864 (5th Cir. 1983); Geary v. Jeffboat, Inc., 620 F.Supp. 41, 42-43 (D.C. Ind. 1985). See also, Kehl v. Martin Paving Co., No. 98-1243-CIV-ORL-18B, 1999 WL 395322 (M.D. Fla. May 4, 1999) (explaining that where statutory requirements of either § 918 or § 921 of Longshore and Harbor Workers' Compensation Act have not been exhausted, Court lacks jurisdiction because "there is nothing for [the] Court to enforce").  Even if plaintiff had been able to show that the employer was in default, and recognizing that plaintiff has applied to the district director for an order of default, the Court would still be compelled to find that the other required steps have simply not been met.  An action for judicial enforcement pursuant to 33 U.S.C. § 918 is therefore not available and, as any avenue of substantive review in this case is available only before the Eleventh Circuit, 33 U.S.C. § 921(c), this case is due to be dismissed for lack of subject matter jurisdiction.

Accordingly, it is hereby

**ORDERED**:

Defendant's Motion to Dismiss (Doc. 9) is **GRANTED**.  This case is **dismissed** for lack of subject matter jurisdiction; the Clerk is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 28th day of January, 2007.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies to:
counsel of record

4